UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SANDRA PHILLIPS                          CIVIL ACTION

VERSUS                                   NO: 13-5225

STATE FARM FIRE AND CASUALTY             SECTION: "J" (1)
COMPANY, ET AL

## ORDER & REASONS

Before the Court is defendant Federal Emergency Management Agency ("FEMA")'s **Motion to Dismiss or, alternatively Motion for Summary Judgment (Rec Doc. 19)**, and Plaintiff Sandra Phillips' opposition thereto. (Rec. Doc. 28) The motion is set for hearing on January 29, 2014, on the briefs. Having considered the motions and memoranda of counsel, the record, and the applicable law, the Court finds that FEMA's motion should be granted in part and denied in part for the reasons set forth more fully below.

## FACTS AND PROCEDURAL BACKGROUND

It undisputed that Plaintiff purchased a Dwelling Form Standard Flood Insurance Policy ("SFIP") for her home in Boutte, Louisiana and that the SFIP was in effect in August 2012 when

1

Hurricane Isaac made landfall in southeast Louisiana. Following the storm, Plaintiff contends that "flood waters covered the yard and leveled off at the base of the home" and remained there for 10 to 14 days following Hurricane Isaac. Plaintiff alleges that on the fifth day, her home began to sink causing extensive structural damage, carpet mold, buckled flooring, and a gas leak.

On September 5, 2012, Plaintiff's son contacted the National Flood Insurance Program ("NFIP") to report the damage, and eventually an NFIP-assigned adjuster, Mr. John Paul Densford, Jr., inspected the property. Following his inspection, Mr. Densford presented Plaintiff with an estimate that she felt was inadequate; but, Plaintiff nonetheless executed and submitted a Proof of Loss Form based on his estimate, and FEMA paid the entirety of the claimed loss, less Plaintiff's deductible, on December 21, 2012.

Believing that the damage to her home was more extensive than the original Proof of Loss estimated, Plaintiff retained a public adjuster to inspect her home. Following the re-inspection, Plaintiff alleges that she forwarded another Proof of Loss Form to FEMA and that the public adjuster forwarded his estimate to FEMA as well. FEMA, however, contends that it only received an estimate from the public adjuster, but never received a second Proof of Loss; therefore, it never compensated Plaintiff for her alleged losses beyond the first payment made on December 21, 2012. Accordingly, Plaintiff filed suit in this Court on August 2, 2013,

alleging breach of contract and demanding damages and a declaratory judgment that "FEMA is obligated to pay [Plaintiff's] claims loss and damages, less any applicable deductible amount." (Rec. Doc. 1) FEMA filed the instant motion on November 12, 2013.

## PARTIES' ARGUMENTS

Defendant asserts that Plaintiff's suit should be dismissed because: (1) Defendant has not waived its sovereign immunity to permit lawsuits under 28 U.S.C. § 1331 or the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02; and (2) Plaintiff's claim for breach of contract is barred because she failed to timely submit proof of loss to FEMA for the damages that she seeks in the instant suit. Additionally, FEMA asserts that Plaintiff's jury demand should be dismissed because she does not have a right to a jury in this matter and that Plaintiff named the wrong defendant in this action.

Plaintiff contends that she is entitled to a declaratory judgment because this Court may issue such a judgment in any case in which they have original jurisdiction. As to her breach of contract claim, Plaintiff argues that that there is an issue of material fact as to whether she submitted a second proof of loss, and, even if she did not, the public adjuster's estimate were merely a supplement to her original proof of loss, thus she did not need to file a second proof of loss. Finally, Plaintiff asserts that her amended complaint remedies any pleading defects that exist.

<u>LEGAL STANDARD & DISCUSSION</u>

**A. Defects in the Complaint**

In her amended complaint, Plaintiff removed her jury request and named the proper defendant; therefore, inasmuch as FEMA raises arguments concerning these defects, the motion is denied as moot.

**B. Declaratory Judgment**

Plaintiff seeks a declaratory judgment that "FEMA is obligated to pay [Plaintiff's] claims loss and damages, less any applicable deductible amount;" however, Defendant argues that a declaratory judgment is not an available remedy under the National Flood Insurance Act ("NFIA"). (Rec. Doc. 1, p. 4) In <u>Scritchfield v. Mut. of Omaha Ins. Co.</u>, 341 F. Supp. 2d 675, 682 (E.D. Tex. 2004), the court, dealing with a nearly identical issue, stated that:

> Defendants acknowledge the policy and the breach of contract claim under 42 U.S.C. § 4072, but obviously dispute its merits. Even though there is a dispute about the rights and obligations of the parties under the contract, that does not automatically ripen into an affirmative remedy under the Declaratory Judgment Act, especially if other adequate remedies already exist. 10B Charles A. Wright Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. §§ 2751, 2758 (3d ed.1998). Plaintiffs would get nothing from a declaratory judgement [sic] that they would not get from prevailing on their breach of contract claims. There is no claim that there is a need to interpret the contract language because of possible future events.

<u>Scritchfield</u>, 341 F. Supp. 2d 675, 682 (E.D. Tex. 2004).

In the instant matter, the Court finds this reasoning

persuasive; therefore, Defendant's motion is granted inasmuch as it seeks to dismiss the portions of the claim in which Plaintiff seeks a declaratory judgment. This, however, is not grounds to dismiss the entire suit as this Court has exclusive jurisdiction to hear Plaintiff's breach of contract claim pursuant to the NFIA. 42 U.S.C. § 4072; Smith v. Nat'l Flood Ins. Program, 796 F.2d 90, 92 (5th Cir. 1986).

**C. Proof of Loss**

Defendant's argument concerning Plaintiff's failure to timely submit proof of loss must be treated as a motion for summary judgment. Berger v. Nat'l Flood Ins. Program, No. 12-2158, 2013 WL 499310, *3 (E.D. La., Feb. 7, 2013). Under the summary judgment standard, Defendant's motion must be denied because there are issues of material fact present which preclude summary judgment. Specifically, there is an issue of material fact as to whether Plaintiff submitted a second proof of loss to FEMA.[1] (Rec. Doc. 28, p. 8; Rec. Doc. 28-5) Therefore, the motion for summary judgment must be denied.

Accordingly,

Defendant's **Motion to Dismiss or, alternatively Motion for Summary Judgment (Rec. Doc. 19)** is **GRANTED IN PART, DENIED IN PART**

---

[1] Even if it is later determined that Plaintiff did not submit a second proof of loss form, summary judgment would still be inappropriate at this time under the reasoning recently set forth in this Court's Order and Reasons dated January 24, 2014 in Edward Phillips v. Federal Emergency Management Agency, Case No. 13-cv-5291. (Rec. Doc. 28)

and **DENIED AS MOOT IN PART**.

    **IT IS ORDERED** that Plaintiff's claims for declaratory judgment are hereby **DISMISSED WITH PREJUDICE**.

    New Orleans, Louisiana, this 27th day of January, 2014.


_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE